UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARGO WILLIS, | ) | Case No. SACV 12-1404 JC |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER OF REMAND |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) | |

I. **SUMMARY**

On September 10, 2012, plaintiff Margo Willis ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 17, 2012 Case Management Order ¶ 5.

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On April 13, 2009, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 103). Plaintiff asserted that she became disabled on June 15, 2006, due to cervical and lower lumbar injuries. (AR 128). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on April 5, 2011. (AR 33-46).

On May 6, 2011, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 10-18). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: back fusion at L5-S1, disc replacement at L4-L5, and Hepatitis C (AR 12); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 13); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 404.1567(b)) with additional limitations[1] (AR 13); (4) plaintiff could perform her past relevant work as an office manager (AR 18); and (5) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 14-15).

---

[1] The ALJ determined that plaintiff (i) could lift and/or carry ten pounds frequently and twenty pounds occasionally; (ii) could stand and/or walk for 30 minutes at a time, and for two hours out of an "eight-hour work week [sic]"; (iii) could sit for one hour at a time, and for six hours out of an "eight-hour work week [sic]"; (iv) could occasionally climb, balance, stoop, kneel, crouch, and crawl; (v) could not climb ropes or scaffolds or work at unprotected heights; (vi) could use her hands frequently; and (vii) could occasionally use machinery, work in humidity, wetness, dust, odors, fumes, gases, extreme cold and heat, vibrations, and loud noises. (AR 13).

1    The Appeals Council denied plaintiff's application for review. (AR 1).

2  **III.   APPLICABLE LEGAL STANDARDS**

3      **A.   Sequential Evaluation Process**

4     To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

    In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2)   Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3)   Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4)   Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

///

1    (5)    Does the claimant's residual functional capacity, when
2           considered with the claimant's age, education, and work
3           experience, allow the claimant to adjust to other work that
4           exists in significant numbers in the national economy?  If so,
5           the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ improperly assessed the credibility of her subjective complaints. (Plaintiff's Motion at 24-28). The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Law

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Lingenfelter, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citation and quotation marks omitted). In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (*e.g.*, movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily

activities; and "ordinary techniques of credibility evaluation." Bunnell, 947 F.2d at 346 (citing Social Security Ruling 88-13) (quotation marks omitted).  The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If properly supported, the ALJ's credibility determination is entitled to "great deference."  See Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

### B. Analysis

In this case, the ALJ found that plaintiff's statements and testimony concerning her subjective symptoms and limitations were "not credible to the extent they [were] inconsistent with the [ALJ's] residual functional capacity assessment." (AR 14-15).  Nonetheless, the ALJ did not provide clear and convincing reasons for discounting plaintiff's credibility, and the Court cannot find that the ALJ's error was harmless.

First, in his decision, the ALJ wrote that plaintiff testified at the hearing, *inter alia*, that due to her severe pain, plaintiff "just lies on her bed all day" and "does nothing for herself," and that plaintiff's daughters "do everything for her." (AR 14).  The ALJ's statements, however, do not accurately characterize plaintiff's testimony – *i.e.*, at the hearing plaintiff testified that (1) she was able to do some tasks, such as grocery shopping with assistance (rather than "nothing" at all); and (2) her daughters "help" with "a lot" of plaintiff's daily activities (as opposed to doing "everything" for their mother).  (AR 40).  Although the ALJ's incorrect characterization of plaintiff's testimony appears to be inadvertent, it nonetheless calls into question the validity of the ALJ's assessment of plaintiff's credibility and the ALJ's decision as a whole.  See, e.g., Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the

evidence" cannot support an adverse credibility determination); see also Valenzuela v. Astrue, 247 Fed. Appx. 927, 929 (9th Cir. 2007) (finding ALJ's credibility determination unsupported by substantial evidence where it was based in part on "inaccurate characterization" of claimant's testimony).[2]

      Second, the ALJ discounted the alleged severity of plaintiff's subjective symptom testimony as inconsistent with plaintiff's "daily activities." (AR 21). The ALJ's findings in this respect, however, are not supported by substantial evidence. The ALJ stated that plaintiff reported in an exertion questionnaire that "she drives and does the grocery shopping." (AR 14) (citing Ex. 3E at 2 [AR 136]). In the exertion questionnaire, however, plaintiff actually stated that she is only able to drive for about 20 minutes at a time (*e.g.*, to doctor appointments) and that she shops for groceries only "one time monthly *with help*" (rather than doing *all* grocery shopping on her own, as the ALJ's opinion suggests). (AR 136) (emphasis added). The ALJ also wrote that plaintiff told her acupuncturist "that she was able to dust, make her own bed, do the laundry, cook occasionally, and she had no problem with personal hygiene." (AR 14) (citing Ex. 11 F at 15 [AR 461]). However, the report from plaintiff's acupuncturist more precisely reflects that plaintiff said she could dust and make her bed "secondary to pain," that she would *rarely* cook (as opposed to "occasionally"), and that she could only do laundry "with assistance." (AR 461). Moreover, when read in context, plaintiff's statements to her acupuncturist do not reflect daily activities that are inconsistent with the severity of her alleged subjective symptoms. For example, although plaintiff "said she [was] able to dust, make her bed, that she rarely cooks, secondary to pain and that she can do laundry with assistance," she also told the acupuncturist that she suffered from "constant, daily pain of 7/10 . . . with daily

---

[2]Courts may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

flare to 10/10 . . . that required [plaintiff] to rest in bed for 12-14 hours per day." (AR 461).

Nonetheless, even assuming that plaintiff retained the ability to carry on certain minimal activities of daily living, the ALJ did not find, nor does the record reflect, that such activities "consume[d] a substantial part of [plaintiff's] day," and thus such evidence does not constitute a clear and convincing reason for discounting plaintiff's credibility. See Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)). Similarly, isolated notations in the medical record that plaintiff took one trip to Pennsylvania (AR 14) (citing Ex. 10 F at 11 [AR 406]), and went to the beach one day after her acupuncture therapy (AR 14) (citing Ex. 11F at 10 [AR 456]) are not materially inconsistent with plaintiff's allegations of disabling pain. See Vertigan, 260 F.3d at 1049 ("One does not need to be 'utterly incapacitated' in order to be disabled.") (citation omitted).

Finally, the ALJ found that the objective medical evidence does not support plaintiff's subjective complaints. (AR 17). As detailed above, the ALJ did not provide any other clear and convincing reason for discounting plaintiff's credibility. Lack of objective medical evidence to support subjective symptom allegations cannot form the sole basis for discounting pain testimony. See Burch, 400 F.3d at 681.

The Court cannot conclude that the above errors were harmless because it cannot "confidently conclude that no reasonable ALJ, when fully crediting the [plaintiff's] testimony, could have reached a different disability determination." Stout, 454 F.3d at 1055-56. Therefore, remand is warranted for the ALJ to reassess plaintiff's credibility.

///
///
///

8

## V.     CONCLUSION[3]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 24, 2013

                                            /s/
                                    Honorable Jacqueline Chooljian
                                    UNITED STATES MAGISTRATE JUDGE

---

[3]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. On remand, however, the ALJ may also wish to consider whether plaintiff's neck condition constitutes a severe impairment at step two.

[4]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).